UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

MARCUS LOFTON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:09-CV-54
(Criminal Case No. 1:03:CR:203-06)

HON. GORDON J. QUIST

## OPINION

This Court has before it Marcus Lofton's ("Petitioner") Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 5).[1] For the following reasons, Petitioner's motion will be denied.

### PROCEDURAL HISTORY

On August 7, 2006, Petitioner pled guilty to conspiring to possess with intent to distribute five (5) kilograms or more of cocaine, fifty (50) grams or more of cocaine base, and an unspecified quantity of marijuana, as well as manufacturing cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(D). Petitioner's subsequent motion to withdraw his guilty plea was denied on March 26, 2007. On May 23, 2007, this Court sentenced Petitioner to 240 months imprisonment and 5 years supervised release. Judgment was entered the following day. Petitioner timely filed an appeal with the United States Court of Appeals for the Sixth Circuit on May 30, 2007.

---

[1] Petitioner's original §2255 motion (docket no. 1), filed January 22, 2009, was amended on August 26, 2009. It is the motion as amended (docket no. 5) that is hereby considered. *See United States v. Lira-Zargoza*, 2006 WL 172230, at *1 (D. Ariz. June 15, 2006) (stating that "an amended § 2255 Motion supersedes the original Motion").

On October 8, 2008, the Sixth Circuit affirmed the judgment. The mandate issued on December 15, 2008. Petitioner timely filed a motion under 28 U.S.C. § 2255 on January 22, 2009. On August 26, 2009, still within the § 2255 statute of limitations period, Petitioner filed a motion to strike his original motion and file an amended § 2255 motion. It is the motion as amended that is hereby considered. *See Howard v. United States*, 533 F.3d 472, 475-76 (6th Cir. 2008) (holding that the one-year statute of limitations also applies to amendments to § 2255 motions and that such motions will be barred if filed after the limitations period has expired unless they relate back to the date of the original pleading under Rule 15(c)(2)); *cf. United States v. Craycraft*, 167 F.3d 451, 456 (8th Cir.1999) (holding that the AEDPA one-year statute of limitations applies to amendments to § 2255 motions). Finally, Petitioner also filed a Motion for Reconsideration or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) on March 17, 2008. An Order holding that motion in abeyance was issued May 22, 2008.

## DISCUSSION

Petitioner argues that his counsel was ineffective in failing to adequately object, first, to the Court's criminal history calculation, in which, Petitioner argues, seven (7) of the fifteen (15) points were improperly included, and second, to the 100:1 crack/powder cocaine ratio.

The United States Court of Appeals for the Sixth Circuit has summarized the test for ineffective assistance of counsel as follows:

> A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.*

> "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.
>
> To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068. To determine if Kinnard was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993).

*Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002).

### I. Criminal History Calculation

Petitioner argues that his criminal history calculation was erroneous on two grounds. The first is that, although he received three (3) separate sixty (60) day sentences for three (3) separate driving on a suspended license offenses, they cannot be counted as separate "terms of imprisonment" because the sentences were served concurrently. "[W]hile the Sentencing Guidelines specify that the defendant must actually serve the sentence of imprisonment, there is no requirement that a defendant who is sentenced on multiple offenses must receive consecutive sentences in order to separately assess criminal history points for each." *United States v. Shepard*, 40 Fed. App'x 142, 145 (6th Cir. 2002); *see also United States v. Hughes*, 114 F.3d 1189, 1997 WL 271737, at *5 (6th Cir. May 20, 1997) (unpublished table decision) (holding that two forty-five day sentences were properly counted separately under U.S.S.G. § 4A1.2 even though the sentences were served concurrently); U.S.S.G. § 4A1.2 cmt. 2 ("[C]riminal history points are based on the sentence pronounced, not the length of time actually served."). More than five months passed between each of Petitioner's three offenses, each went to sentencing on a separate docket number, and each received a separate sixty (60) day sentence. The mere fact that the sentences were served

3

concurrently is of no consequence. Because this argument is without merit, Petitioner cannot satisfy the first *Strickland* prong. That is, counsel does not perform deficiently in failing to raise a meritless objection. *See United States v. Sanders*, 404 F.3d 980, 986 (6th Cir. 2005) (trial counsel's failure to challenge what is properly done cannot rise to the level of ineffective assistance); *Harris v. United States*, 204 F.3d 681, 681 (6th Cir. 2000) (trial counsel's failure to do something that would have been futile is not ineffective assistance); *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999) (the failure to raise meritless issues cannot be the basis of a constitutional deficiency).

Petitioner's second argument as to why his counsel was ineffective fails, at least, on the second *Strickland* prong. One point was added to Petitioner's criminal history for a fourth driving on a suspending license offense. PSR ¶ 391. Assuming that that offense does not satisfy the requirements of U.S.S.G. § 4A1.2(c), for adding one criminal history point, (because the sentence was for *exactly* one year probation and only ten (10) days in jail) any error was harmless. Criminal History Category VI starts at 13 criminal history points. Removing the alleged one-point error would have reduced Petitioner's criminal history points to 14, still within Criminal History Category VI and still within the same guideline range of 235-293 months. *See* U.S.S.G. § 5, Pt. A (2006). Thus, Petitioner cannot show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

## II. Crack/Powder Cocaine Ratio

Petitioner next argues that his counsel was ineffective in failing to adequately object to the 100:1 crack/powder cocaine ratio. However, Petitioner's counsel raised the issue in his sentencing memorandum and at the sentencing hearing, (Def.'s Sent. Mem. at 12-15; Sent. Tr. at 149), and as the Sixth Circuit held on appeal, this Court adequately considered it. *See United States v. Mitchell*, 295 F. App'x 799, 804 (6th Cir. 2008) ("As the record reflects, the district court fulfilled its

4

obligation to consider Lofton's argument that the 100:1 ratio should not apply in his case."). Because the Court adequately considered the issue, counsel was not ineffective for failing to challenge it further. *United States v. Sanders*, 404 F.3d 980, 986 (6th Cir. 2005) (trial counsel's failure to challenge what is properly done cannot rise to the level of ineffective assistance).

Moreover, Petitioner has already filed a Motion for Reconsideration or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) regarding the crack/powder cocaine disparity, which is currently being held in abeyance before another judge in this district. As such, the issue of further sentence reduction will receive additional consideration in due time.

### NO CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated by this Court, the Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

## CONCLUSION

1. Petitioner's motion to strike (docket no. 4) previously filed motion (docket no. 1) is hereby GRANTED. It is Petitioner's amended § 2255 motion (docket no. 5) that is operative.

2. Petitioner's amended § 2255 Motion (docket no. 5**)** will be DENIED. A certificate of appealability will be DENIED.

A separate judgment will issue.


Dated: November 2, 2009                               /s/ Gordon J. Quist
                                                                 GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE